NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREA VARGAS,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC.,<br><br>        Defendant,<br><br> and<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>        Defendant-Appellee. | No.   23-35386<br><br>D.C. No.<br>2:21-cv-00926-RSL-GJL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted June 5, 2024[**]
Portland, Oregon

Before:  RAWLINSON, FORREST, and SUNG, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Andrea Vargas appeals the district court's grant of summary judgment to Defendant-Appellee Kaiser Foundation Health Plan of Washington ("Kaiser") on her Washington Consumer Protection Act ("WCPA") claims. We review a district court's grant of summary judgment de novo. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We agree with the district court that Vargas failed to demonstrate that Kaiser's actions that occurred within the statutory limitation period were unfair or deceptive under the WCPA.[1] Those acts include Kaiser's authorization of Evergreen Professional Recoveries, Inc. ("EPR") to pursue the debt that Kaiser claimed Vargas owed and Kaiser's alleged failure to monitor or participate in that litigation.

Washington law imposes a duty of good faith in all insurance matters, Wash. Rev. Code § 48.01.030, and "[i]nsureds may bring a private action against their insurers for breach of the duty of good faith under the [WCPA]," *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 296 (Wash. 1997) (en banc). Vargas

---

[1] To succeed on a WCPA claim, Vargas must prove five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impact on the public interest; (4) injury in business or property; and (5) causation. *Stephens v. Omni Ins. Co.*, 159 P.3d 10, 18 (Wash. Ct. App. 2007); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535–39 (Wash. 1986) (en banc).

argues that it is the law of the case that Kaiser breached its duty of good faith by pursuing its claim against her, relying on a statement made by the magistrate judge in an earlier order. In that order, the issue was whether Kaiser's interpretation of Vargas's policy was correct, and in that context, the court described Kaiser's interpretation as "unreasonable." That issue, however, is legally distinct from the issue presented here, which is whether Kaiser's conduct in litigating its claim against Vargas was unreasonable. "[A] denial of coverage, although incorrect, based on reasonable conduct of the insurer does not constitute an unfair trade practice. Acts performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct violative of the [WCPA]." *Id.* at 299 (citations omitted). Applying this standard, we agree with the district court that pursuing a legal claim based on an arguable but incorrect policy interpretation is not, in itself, unfair or deceptive conduct.[2]

Vargas claims that Kaiser also violated Wash. Admin. Code § 284-30-330(1), which prohibits "[m]isrepresenting pertinent facts or insurance policy provisions." But Vargas specifically challenges only Kaiser statements that are consistent with its position regarding the correct interpretation of the policy. Even

---

[2] Vargas asserts that the district court misunderstood the nature of Kaiser's assignment of the debt claim to EPR, but the district court did not rely on the magistrate judge's reasoning regarding the assignment. Therefore, we do not address that issue.

though the court ultimately disagreed with Kaiser's policy interpretation, those statements were not factual misrepresentations but accurate representations of Kaiser's legal position during litigation. Therefore, this claim fails.

Vargas also claims that Kaiser violated the WCPA by failing to adequately supervise EPR's conduct of the debt collection litigation. We agree with the district court that this claim fails because Vargas offers no legal support for the proposition that Kaiser had a duty to supervise EPR.

2. We agree with the district court that Vargas's remaining WCPA claims based on Kaiser's actions that occurred outside the four-year statute of limitations are time-barred. Wash. Rev. Code § 19.86.120. Vargas appears to argue that, because the assignment of debt to EPR and related litigation occurred within the limitations period, the claims based on Kaiser's earlier actions are timely. However, the claims based on the earlier acts are legally distinct, and Vargas offers no legal support for her argument that the conduct that occurred within the limitations period can revive claims based on the earlier conduct under the circumstances presented in this case.[3]

---

[3] Vargas argues for the first time on appeal that the discovery rule applies to her claims because she had "no reason to suspect anything was amiss until … she received some correspondence from EPR in 2019, and particularly when she was sued in 2021." Because Vargas did not make this argument before the district court, it is forfeited. *See Consumer Fin. Prot. Bureau v. Aria*, 54 F.4th 1168, 1173 (9th Cir. 2022) ("Because [the plaintiff] did not adequately raise these arguments to preserve them below, he has forfeited them.").

**AFFIRMED.**